Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5612 | DATE | 12/5/2001 |
| CASE TITLE | USA vs. Imad Naim Saadeh | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We deny Saadeh's motion that his petition be treated as a 2241 (15-1). We therefore grant his request to withdraw his recharacterized 2255 petition (15-2). The status hearing set for 12/21/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC - 6 2001 date docketed | 17 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom GL deputy's initials | 01 DEC -6 AM 9:23 Date/time received in central Clerk's Office | 12/5/2001 date mailed notice GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) Case No. 01 C 5612
) (92 CR 102-2)
IMAD NAIM SAADEH, )
)
)

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

After a jury trial, Defendant Imad Naim Saadeh was convicted in 1992 for conspiring to possess cocaine with the intent to distribute in violation of 18 U.S.C. §§ 841, 846. Saadeh unsuccessfully appealed. *See* United *States v. Saadeh*, 61 F.3d 510 (7th Cir. 1995). He then brought a petition for habeas corpus under 28 U.S.C. § 2255, seeking to overturn his conviction and the resulting 160-month imprisonment term, which we denied. U*nited States v. Saadeh*, No. 97-C-2798, 1997 WL 391974 (N.D.Ill. 1997). Presently before us is another habeas corpus motion by Saadeh transferred to this court from the Eastern District of Michigan.

The facts surrounding Saadeh's conviction need not be recited for the purpose of adjudicating the present motion. However, the procedural history of his motion bears repeating. Four years following our denial of his § 2255 motion, Saadeh filed a new motion attacking his sentence in the Eastern District of Michigan, this time under 18 U.S.C. § 2241. The procedural significance of this statutory basis is that habeas corpus motions under § 2241 are filed within the district where the federal prisoner is incarcerated. For standard habeas corpus motions under §2255, the motion is brought in the original trial court. For Saadeh, this requirement means that his § 2241 petition – if properly characterized as such – was properly filed with the Eastern District of Michigan, where he is incarcerated. However, Judge Roberts, in an unpublished opinion and order, ruled that Saadeh's petition was properly construed as § 2255 petition (despite being labeled

17

as a § 2241 petition) and transferred his petition here to the Northern District of Illinois for our disposition. *Saadeh v. Hemingway*, No. 01-CV-72379-DT (E.D. Mich. July 10, 2001).

Presently before us is Saadeh's motion in opposition to this court's entertaining his motion as a § 2255 motion, thus requiring a transfer of his petition back to the Eastern District of Michigan, or, in the alternative, that he be permitted to withdraw his recharacterized § 2255 motion in the event it is not transferred back to the Eastern District of Michigan. We agree with Judge Roberts that Saadeh's petition should be construed as a § 2255 petition. As such, we grant Saadeh's motion that his recharacterized § 2255 petition be withdrawn.[1]

## ANALYSIS

"In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under [28 U.S.C.] §2255." *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001). On the other hand, "[a] motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence – for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release – may not be brought under § 2255 and therefore falls into the domain of §2241." *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).[2]

A federal prisoner may not use a § 2241 petition to call into question the validity of a conviction or sentence that has already been subject to collateral review. Id. A federal prisoner

---

[1]We recognize, as Saadeh surely must, that his § 2255 petition would otherwise necessarily fail. As a successive petition, Saadeh's new § 2255 motion must first be certified in accordance with 28 U.S.C. § 2255 ¶8 prior to our examination of its merits. Saadeh no doubt seeks to withdraw his motion because he has not yet sought such certification.

[2]See In *re Dorsainvil*, 119 F.3d 245, 249-252 (3rd Cir. 1997), for a discussion that congressional intent in enacting § 2255 was primarily to address the practical problem of so many federal prisoners filing § 2241 habeas petitions with the federal court that happened to be closest to where they were confined. The new § 2255 routed most collateral attacks by federal prisoners to the jurisdiction of the trial court.

may file a habeas petition under §2241, rather than a motion under § 2255, only if a motion under § 2255 would be "inadequate or ineffective" to test the legality of detention. 28 U.S.C. § 2255, ¶ 5. Inadequacy or ineffectiveness refers to "a fundamental defect in the criminal conviction ... which cannot be corrected under § 2255." *Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999), cert. denied, 530 U.S. 1283 (2000).

Here, we are not convinced that Saadeh's claims lack an adequate or effective remedy under § 2255. His § 2241 petition is grounded upon (1) the recent holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which Saadeh asserts created a new rule of constitutional law retroactively affecting his sentence (§ 2241 petition, p. 7) and (2) Saadeh's proffer of new evidence ostensibly to support a finding that he is actually innocent of his convicted offense. These kinds of arguments – such as a new rule of constitutional law and newly discovered evidence that could cast the conviction in doubt – are specifically mentioned by § 2255 ¶8 as necessary for a certification permitting a second or successive § 2255 motion. As such, by the very terms of §2255 ¶8, Saadeh's claims could be adequately and effectively brought under § 2255.

## CONCLUSION

For the reasons above, we deny Saadeh's motion that his petition be treated as a § 2241 petition. We therefore grant his request to withdraw his recharacterized § 2255 petition. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 12/5/01

3